IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ISRAEL VALDEZ,<br><br>       Plaintiff,<br><br>  vs.<br><br>SCOTTSBLUFF OPERATIONS LLC, a<br>Nebraska limited liability corporation doing<br>business as MONUMENT<br>REHABILITATION & CARE CENTER,<br>ABDEL KADER LAQUEL KADER, M.D.,<br>WILLIAM PACKARD, M.D., and<br>COMMUNITY ACTION PARTNERSHIP OF<br>WESTERN NEBRASKA, a Nebraska non-<br>profit corporation,<br><br>       Defendants. | 8:22CV___<br><br>NOTICE OF REMOVAL |

Pursuant to 42 U.S.C. § 233(c), Defendants, Community Action Partnership of Western Nebraska and William Packard, M.D., remove to this Court the State Court civil action indicated in the attachments to this Notice. Defendants represent that:

1.     Defendants, Community Action Partnership of Western Nebraska and William Packard, M.D. are Defendants in the above-captioned civil action which is pending in the District Court of Scotts Bluff County, Nebraska, as case number CI 22-71. No trial has yet been had in that action. Upon information and belief, copies of all process, pleadings, and orders served upon these Defendants in that action are attached to this notice as Exhibit A.

2.     At all times relevant, Defendants, Community Action Partnership of Western Nebraska and William Packard, M.D. were deemed employees of the United States of America under the authority of the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233. Attached hereto as Exhibit B is the Declaration of Meredith Torres which indicates Community Action Partnership of Western Nebraska was deemed eligible for Federal Tort Claims Act

malpractice coverage effective at least from January 1, 2018, and that its coverage has continued without interruption since that time.   Pursuant to 42 U.S.C. § 233(g), Community Action Partnership of Western Nebraska has been deemed a Public Health Service employee.  See also Exhibit C, the Certification of the Acting United States Attorney, wherein it has been found that Defendant Community Action Partnership of Western Nebraska was acting within the scope of its employment as an employee of the United States at the time of the conduct alleged in the Complaint.

3.      Exhibit C, the Certification of the Acting United States Attorney, also indicates that Dr. William Packard was acting within the scope of his employment at the time of the alleged incidents out of which this claim arose and is thus deemed an employee of the Public Health Service and therefore an employee of the United States.

4.      Plaintiff in the state court action seeks damages from Defendants, Community Action Partnership of Western Nebraska and Dr. William Packard for acts of alleged medical negligence upon Plaintiff.

5.      Plaintiff's claim for relief allegedly arises under Nebraska medical negligence law. However, Congress has provided that the exclusive remedy for such an alleged "wrongful" act of an employee of the United States Government, acting within the scope of his/her employment, shall be an action against the United States under the Federal Tort Claims Act.  See Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(a) et seq.  As indicated in Exhibit C, the Certification of the Acting United States Attorney, Community Action Partnership of Western Nebraska and Dr. William Packard were acting within the scope of their employment as employees of the Public Health Service at the time of the alleged incidents out of which this claim arose and thus employees of the United States.  As indicated in Exhibit B, the Declaration of Meredith

2

Torres, Community Action Partnership of Western Nebraska was deemed eligible for Federal Tort Claims Act malpractice coverage effective at least from January 1, 2018, and that its coverage has continued without interruption since that time.  Pursuant to 42 U.S.C. § 233(g) Community Action Partnership of Western Nebraska and William Packard, M.D., have been deemed Public Health Service employees.  Title 42 U.S.C. § 233(c) provides that this action shall be removed to United States District Court upon such Certification, as evidenced in Exhibit C.

Defendants, Community Action Partnership of Western Nebraska and Dr. William Packard, pray that the above-captioned action, pending in the District Court of Scotts Bluff County, Nebraska, be removed to this Court.

Dated this 11th day of August, 2022.

WILLIAM     PACKARD,     M.D.,     and COMMUNITY ACTION PARTNERSHIP OF WESTERN NEBRASKA, Defendants

STEVEN A. RUSSELL
Acting United States Attorney
District of Nebraska

By:   s/ Timothy R. Hook_____
      TIMOTHY R. HOOK, #24529
      Assistant U.S. Attorney
      1620 Dodge Street, Suite 1400
      Omaha, NE  68102-1506
      Tel:  (402) 661-3700
      Fax:  (402) 661-3081
      Email:  tim.hook@usdoj.gov

<u>REQUEST FOR TRIAL</u>

      The United States of America requests that trial of this case be held at Omaha, Nebraska, and that the case be calendared accordingly.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 11, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all registered participants.  I also hereby certify that a copy of the same was served by regular mail, postage prepaid, to the following non-CM/ECF participants:

Maren Lynn Chaloupka
Chaloupka Law LLC
1906 Broadway
Scottsbluff, NE  69363

Jennifer L. Keel
Isobel. S. Thomas
Matthew R. Laird
Thomas Keel & Laird, LLC
5 South Steele Street, Suite 450
Denver, CO 80209

Alan T. Fogleman
Spencer A. Low
10 E. Cambridge Circle Drive, Ste 300
Kansas City, KS 66103

Abdel Kader, M.D.
1717 E. 34th Street
Scottsbluff, NE 69361

s/ Timothy R. Hook
Assistant U.S. Attorney

| Image ID:<br>D00095804D21 | **SUMMONS** | Doc. No.    95804 |

IN THE DISTRICT COURT OF Scotts Bluff COUNTY, NEBRASKA
Scotts Bluff County Courthouse
P.O. Box 47
Gering                    NE 69341 0047

Israel Valdez v. Scottsbluff Operations, LLC

Case ID: CI 22      71

TO:  CAPWN

**RECEIVED**
**JUL 14 2022**
BY:_____

You have been sued by the following plaintiff(s):

Israel Valdez

Plaintiff's Attorney:    Maren L Chaloupka
Address:                 P.O. Box 1724
                         Scottsbluff, NE 69363

Telephone:               (308) 270-5091

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Nebraska Supreme Court Rule 2-208 requires individuals involved in a case who are not attorneys and representing themselves to provide their email address to the court in order to receive notice by email from the court about the case. Complete and return the attached form to the court if representing yourself.

Date:  JULY 12, 2022       BY THE COURT:   _Darla Simpson_
                                           Clerk

(SEAL — CLERK OF THE DISTRICT COURT, SCOTTS BLUFF COUNTY, NE)

**EXHIBIT**
**A**

## REGISTRATION OF EMAIL ADDRESS FOR
## SELF REPRESENTED LITIGANT

IN THE DISTRICT COURT OF Scotts Bluff COUNTY, NEBRASKA
                    Scotts Bluff County Courthouse
                    P.O. Box 47
                    Gering                    NE 69341 0047

Case ID:  D  21  CI  22      71

Israel Valdez v. Scottsbluff Operations, LLC



I am currently representing myself in the court case above.

I am not registered with the court-authorized service provider.

I must register my email address with the court before I have filed any documents in this case, or within 10 days after I received a notice from the court.  This is required by Neb. Ct. R. § 2-208(C)(1).

If I do not have the ability to receive emails, I must use this form to tell the court why I cannot get email service.

☐   My email address where I will receive notices from the court for this case is:

_____

I understand that emailing documents to this email address is considered to meet legal notice requirements.

I am responsible to notify the court if I change my email address or other contact information by completing the Change of Contact Information form (DC 3:02). Neb. Ct. R. §§ 2-208(E).

☐   I do not have the ability to receive emails. The reason I cannot receive email is:

_____
_____
_____


_____          _____
Signature                               Date

_____          _____
Name                                    Street Address/P.O. Box

_____          _____
Phone                                   City/State/ZIP Code

Filed in Scotts Bluff District Court
*** EFILED ***
Case Number: D21CI220000071
Transaction ID: 0017970924
Filing Date: 02/11/2022 03:51:12 PM MST

## IN THE DISTRICT COURT OF SCOTTS BLUFF COUNTY, NEBRASKA

ISRAEL VALDEZ,

                    Plaintiff,

vs.

SCOTTSBLUFF OPERATIONS LLC,
a Nebraska limited liability corporation
doing business as MONUMENT
REHABILITATION & CARE CENTER,
ABDEL KADER LAOUEL KADER, M.D.,
WILLIAM PACKARD, M.D., and
COMMUNITY ACTION PARTNERSHIP
OF WESTERN NEBRASKA, a Nebraska non-
profit corporation,

                    Defendants.

Case No. CI 22-_____

**COMPLAINT**



Israel Valdez, Plaintiff in the above-captioned matter, by and through his counsel of record,

for his cause of action against Defendants, states as follows:

### Parties, Jurisdiction and Venue

1.

Israel Valdez is and was at all relevant times a resident of Scotts Bluff County, Nebraska.

2.

Scottsbluff Operations, LLC is a Nebraska limited liability corporation that, in February

2020, was doing business as a nursing home in Scottsbluff, Nebraska under the trade name

"Monument Rehabilitation & Care Center" (hereinafter "MONUMENT").

3.

The 100% owner and manager/director of Monument was Ephram "Mordy" Lahasky of

New York, who, on information and belief, bought the nursing home out of receivership along with

fifteen other Nebraska nursing homes.



4.

Abdel Kader Laouel Kader, M.D. was, at all relevant times, a physician who provided medical evaluation and treatment for residents of MONUMENT.

5.

William Packard, M.D. was, at all relevant times, a physician who provided medical evaluation and treatment for residents of MONUMENT, and as such, was an agent of MONUMENT.

6.

KADER was also employed by Community Action Partnership of Western Nebraska ("CAPWN"), a Nebraska non-profit corporation which is located in Gering, Scotts Bluff County, Nebraska.

7.

PACKARD was, at all relevant times, a physician who provided medical evaluation and treatment for residents of MONUMENT, and as such, was an agent of Monument.

8.

PACKARD was also employed by CAPWN, a Nebraska non-profit corporation which is located in Gering, Scotts Bluff County, Nebraska.

9.

The events at issue in this matter transpired in Scottsbluff, Scotts Bluff County, Nebraska. Venue and jurisdiction are proper in this Court.

**Factual Background**

RECEIVED
JUL 1 4 2022
BY:

10.

In January 2020, VALDEZ became ill and presented at Regional West Medical Center in Scottsbluff.

11.

His condition quickly deteriorated, and he was transferred to Medical Center of the Rockies in Loveland, Colorado, where he was sedated and intubated.

12.

VALDEZ spent several weeks in a medically-induced coma while medical staff stabilized his respiratory and pulmonological condition.

13.

During that time, VALDEZ began to develop multiple pressure ulcers.

14.

Nevertheless, Medical Center of the Rockies and MONUMENT engaged in discussions regarding plans to transfer VALDEZ to MONUMENT.

15.

On February 11, 2020, Medical Center of the Rockies transferred VALDEZ by ground ambulance to MONUMENT.

16.

When MONUMENT received VALDEZ, its staff received discharge orders from Medical Center of the Rockies that included an order for a skin assessment.

17.

MONUMENT's staff carried out this assessment as ordered and immediately identified VALDEZ' severe decubitus ulcers, which were obvious, on his buttocks and sacrum with full-

thickness skin loss extending through the fascia with considerable tissue loss.

18.

PACKARD, acting as MONUMENT's agent, evaluated and assessed VALDEZ' wounds, as did MONUMENT's nursing staff.

19.

PACKARD did not contact Medical Center of the Rockies to communicate with the transferring physician or otherwise obtain history of VALDEZ' wound.

20.

Both PACKARD and MONUMENT knew or should have known that VALDEZ's wounds were severe and required a much higher level of care than MONUMENT was capable of providing.

21.

Both PACKARD and MONUMENT's nursing staff should have recognized that MONUMENT lacked the skill and equipment to care for VALDEZ, given the severity of his wounds.

22.

PACKARD and MONUMENT should have refused to accept VALDEZ as a patient and, instead, ordered his immediate and emergent transfer to a capable facility, such as Regional West Medical Center.

23.

Instead, PACKARD and MONUMENT accepted VALDEZ as a resident and scheduled him for skin assessments on just a weekly basis – unfathomable given the certainty that VALDEZ' already-large wounds were going to continue to grow and become septic.

RECEIVED

JUL 14 2022

BY:

24.

In the days that followed, MONUMENT staff documented that VALDEZ was suffering from severe and uncontrollable pain.

25.

VALDEZ' pain intensified over the next three days, and his decubitus wounds grew.

26.

MONUMENT staff reported these developments to KADER, MONUMENT's agent, via telephone.

27.

KADER took these calls at the CAPWN clinic where he and PACKARD officed when they were not visiting residents at MONUMENT.

28.

KADER evaluated VALDEZ on Friday, February 14, 2020.

29.

KADER observed VALDEZ's wound to have significantly increased in size, severity and purulence.

30.

KADER did not order immediate consultation from a wound specialist, nor did he order that VALDEZ be transferred to a medical facility capable of treating his wounds.

31.

Instead, KADER gave the puzzling order, on Friday, February 14, 2020, that VALDEZ be seen "Monday in wound clinic, STAT," although "STAT" does not mean four days later (which is what Monday after Friday was going to be).

RECEIVED
JUL 14 2022
BY:

32.

Thus VALDEZ' Stage IV decubitus ulcer continued to progress.   His pain continued to intensify, and could not be managed with pain control.

33.

On February 16, 2020, five days after being admitted to MONUMENT, VALDEZ' wounds were cultured and determined to be infected with *E coli*.

34.

It was not until February 17, 2020 – six days after MONUMENT accepted VALDEZ with existing and growing decubitus ulcers knowing it lacked the resources to adequately manage – that MONUMENT transferred VALDEZ to Regional West Medical Center.

35.

By that time, VALDEZ had a necrotizing infection that was substantially worse than the already-serious decubitus ulcers with which he arrived at MONUMENT on February 11, 2020.

## Negligence

36.

MONUMENT owed a duty of care to VALDEZ, by agreeing to accept VALDEZ as a patient in its communications with Medical Center of the Rockies before VALDEZ' arrival on February 11, 2020.

37.

When VALDEZ arrived on February 11, 2020 with obvious and dangerous decubitus ulcers, MONUMENT, its staff and its agent, PACKARD, owed a duty of care to VALDEZ that they breached by accepting VALDEZ as a resident (and scheduling him for skin assessments no more frequently than weekly) instead of immediately transferring VALDEZ to Regional West

Medical Center.



38.

MONUMENT persisted in the continuing breach of its duty of care to VALDEZ over the ensuing six days by failing to transfer VALDEZ to the hospital despite directly observing his rapidly deteriorating condition in real time – his unmanageable pain and his growing wounds.

39.

MONUMENT's agents, KADER, PACKER and CAPWN, contributed to this breach.

40.

All Defendants were, thus, a proximate cause of the ultimate harm that VALDEZ suffered.

41.

There was no room for any reasonable doctor, nurse, or other agent or employee of MONUMENT to believe that VALDEZ' wound was going to somehow resolve itself without intensive multi-disciplinary treatment from a higher level of care-capable facility.

42.

There was no room for any reasonable doctor, nurse, or other agent or employee of MONUMENT to believe that VALDEZ' pain was going to somehow resolve itself.

43.

There was no room for any reasonable doctor, nurse or other agent or employee of MONUMENT to believe that this story was going to end in any way other than VALDEZ becoming septic from the infection.

**Damages**

44.

The condition with which VALDEZ presented at Regional West Medical Center on



February 17, 2020 required four surgeries and weeks of intravenous antibiotics to clear. He was hospitalized for over a month, and had to attend weeks of physical therapy thereafter.

45.

The loss of tissue, muscle, skin, and nerves has caused permanent disfigurement and functional impairment for VALDEZ in both strength and overall health and function.

VALDEZ's damages include, but are not limited to:

 a. Past medical expense exceeding $338,851.29;

 b. Future medical expense;

 c. Pain and suffering, physical and emotional, including humiliation;

 d. Disfigurement;

 e. Lost income and lost earning capacity exceeding $100,000.00.

46.

Plaintiff waives his right to a review of this matter by the Nebraska Hospital-Medical Liability Panel pursuant to NEB. REV. STAT. § 44-2840(4). A copy of this Complaint will be served via certified mail, return receipt requested, on the Director of Insurance.

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

 1. For compensatory damages in an amount to be specifically proven at trial;

 2. For post-judgment interest at the maximum legal rate;

 3. For costs of suit incurred herein;

 4. For such other and further relief as the Court deems just and proper.

ISRAEL VALDEZ, Plaintiff,



By:   /s/ Jennifer L. Keel

    Jennifer L. Keel – CO Bar #38325
Isobel S. Thomas – CO Bar #38508
Matthew R. Laird – CO Bar #39030
Thomas Keel & Laird, LLC
50 South Steele Street, Suite 450
Denver, Colorado 80209
jkeel@thomaskeel.com
ithomas@thomaskeel.com
mlaird@thomaskeel.com

-AND-

Maren Lynn Chaloupka – NSBA # 20864
Chaloupka Law LLC
1906 Broadway
P.O. Box 1724
Scottsbluff, Nebraska 69363-1724
(308) 270-5091
mlc@chaloupkalaw.net

Image ID:
D00095803D21

# SUMMONS

Doc. No.    95803

IN THE DISTRICT COURT OF Scotts Bluff COUNTY, NEBRASKA
Scotts Bluff County Courthouse
P.O. Box 47
Gering           NE 69341 0047

Israel Valdez v. Scottsbluff Operations, LLC

Case ID: CI 22      71

TO:  William Packard MD

You have been sued by the following plaintiff(s):

Israel Valdez

Plaintiff's Attorney:    Maren L Chaloupka
Address:                 P.O. Box 1724
                         Scottsbluff, NE 69363

Telephone:               (308) 270-5091

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Nebraska Supreme Court Rule 2-208 requires individuals involved in a case who
are not attorneys and representing themselves to provide their email address to
the court in order to receive notice by email from the court about the case.
Complete and return the attached form to the court if representing yourself.

Date:  JULY 12, 2022       BY THE COURT:  _Darla Simpson_
                                          Clerk

[SEAL: CLERK OF THE DISTRICT COURT, SCOTTS BLUFF COUNTY, NE]

Page 1 of 2

7-15-22
Placed in the Box

Filed in Scotts Bluff District Court
*** EFILED ***
Case Number: D21CI220000071
Transaction ID: 0017970924
Filing Date: 02/11/2022 03:51:12 PM MST

IN THE DISTRICT COURT OF SCOTTS BLUFF COUNTY, NEBRASKA

| | |
|---|---|
| ISRAEL VALDEZ, | Case No. CI 22-_____ |
| Plaintiff, | |
| vs. | |
| SCOTTSBLUFF OPERATIONS LLC, a Nebraska limited liability corporation doing business as MONUMENT REHABILITATION & CARE CENTER, ABDEL KADER LAOUEL KADER, M.D., WILLIAM PACKARD, M.D., and COMMUNITY ACTION PARTNERSHIP OF WESTERN NEBRASKA, a Nebraska non-profit corporation, | COMPLAINT |
| Defendants. | |

Israel Valdez, Plaintiff in the above-captioned matter, by and through his counsel of record, for his cause of action against Defendants, states as follows:

### Parties, Jurisdiction and Venue

1.

Israel Valdez is and was at all relevant times a resident of Scotts Bluff County, Nebraska.

2.

Scottsbluff Operations, LLC is a Nebraska limited liability corporation that, in February 2020, was doing business as a nursing home in Scottsbluff, Nebraska under the trade name "Monument Rehabilitation & Care Center" (hereinafter "MONUMENT").

3.

The 100% owner and manager/director of Monument was Ephram "Mordy" Lahasky of New York, who, on information and belief, bought the nursing home out of receivership along with

fifteen other Nebraska nursing homes.

4.

Abdel Kader Laouel Kader, M.D. was, at all relevant times, a physician who provided medical evaluation and treatment for residents of MONUMENT.

5.

William Packard, M.D. was, at all relevant times, a physician who provided medical evaluation and treatment for residents of MONUMENT, and as such, was an agent of MONUMENT.

6.

KADER was also employed by Community Action Partnership of Western Nebraska ("CAPWN"), a Nebraska non-profit corporation which is located in Gering, Scotts Bluff County, Nebraska.

7.

PACKARD was, at all relevant times, a physician who provided medical evaluation and treatment for residents of MONUMENT, and as such, was an agent of Monument.

8.

PACKARD was also employed by CAPWN, a Nebraska non-profit corporation which is located in Gering, Scotts Bluff County, Nebraska.

9.

The events at issue in this matter transpired in Scottsbluff, Scotts Bluff County, Nebraska. Venue and jurisdiction are proper in this Court.

**Factual Background**

10.

In January 2020, VALDEZ became ill and presented at Regional West Medical Center in Scottsbluff.

11.

His condition quickly deteriorated, and he was transferred to Medical Center of the Rockies in Loveland, Colorado, where he was sedated and intubated.

12.

VALDEZ spent several weeks in a medically-induced coma while medical staff stabilized his respiratory and pulmonological condition.

13.

During that time, VALDEZ began to develop multiple pressure ulcers.

14.

Nevertheless, Medical Center of the Rockies and MONUMENT engaged in discussions regarding plans to transfer VALDEZ to MONUMENT.

15.

On February 11, 2020, Medical Center of the Rockies transferred VALDEZ by ground ambulance to MONUMENT.

16.

When MONUMENT received VALDEZ, its staff received discharge orders from Medical Center of the Rockies that included an order for a skin assessment.

17.

MONUMENT's staff carried out this assessment as ordered and immediately identified VALDEZ' severe decubitus ulcers, which were obvious, on his buttocks and sacrum with full-

thickness skin loss extending through the fascia with considerable tissue loss.

18.

PACKARD, acting as MONUMENT's agent, evaluated and assessed VALDEZ' wounds, as did MONUMENT's nursing staff.

19.

PACKARD did not contact Medical Center of the Rockies to communicate with the transferring physician or otherwise obtain history of VALDEZ' wound.

20.

Both PACKARD and MONUMENT knew or should have known that VALDEZ's wounds were severe and required a much higher level of care than MONUMENT was capable of providing.

21.

Both PACKARD and MONUMENT's nursing staff should have recognized that MONUMENT lacked the skill and equipment to care for VALDEZ, given the severity of his wounds.

22.

PACKARD and MONUMENT should have refused to accept VALDEZ as a patient and, instead, ordered his immediate and emergent transfer to a capable facility, such as Regional West Medical Center.

23.

Instead, PACKARD and MONUMENT accepted VALDEZ as a resident and scheduled him for skin assessments on just a weekly basis – unfathomable given the certainty that VALDEZ' already-large wounds were going to continue to grow and become septic.

24.

In the days that followed, MONUMENT staff documented that VALDEZ was suffering from severe and uncontrollable pain.

25.

VALDEZ' pain intensified over the next three days, and his decubitus wounds grew.

26.

MONUMENT staff reported these developments to KADER, MONUMENT's agent, via telephone.

27.

KADER took these calls at the CAPWN clinic where he and PACKARD officed when they were not visiting residents at MONUMENT.

28.

KADER evaluated VALDEZ on Friday, February 14, 2020.

29.

KADER observed VALDEZ's wound to have significantly increased in size, severity and purulence.

30.

KADER did not order immediate consultation from a wound specialist, nor did he order that VALDEZ be transferred to a medical facility capable of treating his wounds.

31.

Instead, KADER gave the puzzling order, on Friday, February 14, 2020, that VALDEZ be seen "Monday in wound clinic, STAT," although "STAT" does not mean four days later (which is what Monday after Friday was going to be).

32.

Thus VALDEZ' Stage IV decubitus ulcer continued to progress.   His pain continued to intensify, and could not be managed with pain control.

33.

On February 16, 2020, five days after being admitted to MONUMENT, VALDEZ' wounds were cultured and determined to be infected with *E coli*.

34.

It was not until February 17, 2020 – six days after MONUMENT accepted VALDEZ with existing and growing decubitus ulcers knowing it lacked the resources to adequately manage – that MONUMENT transferred VALDEZ to Regional West Medical Center.

35.

By that time, VALDEZ had a necrotizing infection that was substantially worse than the already-serious decubitus ulcers with which he arrived at MONUMENT on February 11, 2020.

## Negligence

36.

MONUMENT owed a duty of care to VALDEZ, by agreeing to accept VALDEZ as a patient in its communications with Medical Center of the Rockies before VALDEZ' arrival on February 11, 2020.

37.

When VALDEZ arrived on February 11, 2020 with obvious and dangerous decubitus ulcers, MONUMENT, its staff and its agent, PACKARD, owed a duty of care to VALDEZ that they breached by accepting VALDEZ as a resident (and scheduling him for skin assessments no more frequently than weekly) instead of immediately transferring VALDEZ to Regional West

Medical Center.

38.

MONUMENT persisted in the continuing breach of its duty of care to VALDEZ over the ensuing six days by failing to transfer VALDEZ to the hospital despite directly observing his rapidly deteriorating condition in real time – his unmanageable pain and his growing wounds.

39.

MONUMENT's agents, KADER, PACKER and CAPWN, contributed to this breach.

40.

All Defendants were, thus, a proximate cause of the ultimate harm that VALDEZ suffered.

41.

There was no room for any reasonable doctor, nurse, or other agent or employee of MONUMENT to believe that VALDEZ' wound was going to somehow resolve itself without intensive multi-disciplinary treatment from a higher level of care-capable facility.

42.

There was no room for any reasonable doctor, nurse, or other agent or employee of MONUMENT to believe that VALDEZ' pain was going to somehow resolve itself.

43.

There was no room for any reasonable doctor, nurse or other agent or employee of MONUMENT to believe that this story was going to end in any way other than VALDEZ becoming septic from the infection.

**Damages**

44.

The condition with which VALDEZ presented at Regional West Medical Center on

February 17, 2020 required four surgeries and weeks of intravenous antibiotics to clear.   He was

hospitalized for over a month, and had to attend weeks of physical therapy thereafter.

45.

The loss of tissue, muscle, skin, and nerves has caused permanent disfigurement and

functional impairment for VALDEZ in both strength and overall health and function.

VALDEZ's damages include, but are not limited to:

a.   Past medical expense exceeding $338,851.29;

b.   Future medical expense;

c.   Pain and suffering, physical and emotional, including humiliation;

d.   Disfigurement;

e.   Lost income and lost earning capacity exceeding $100,000.00.

46.

Plaintiff waives his right to a review of this matter by the Nebraska Hospital-Medical

Liability Panel pursuant to NEB. REV. STAT. § 44-2840(4).   A copy of this Complaint will be served

via certified mail, return receipt requested, on the Director of Insurance.

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

1.   For compensatory damages in an amount to be specifically proven at trial;

2.   For post-judgment interest at the maximum legal rate;

3.   For costs of suit incurred herein;

4.   For such other and further relief as the Court deems just and proper.

ISRAEL VALDEZ, Plaintiff,


By:  /s/ Jennifer L. Keel
     Jennifer L. Keel – CO Bar #38325
     Isobel S. Thomas – CO Bar #38508
     Matthew R. Laird – CO Bar #39030
     Thomas Keel & Laird, LLC
     50 South Steele Street, Suite 450
     Denver, Colorado 80209
     jkeel@thomaskeel.com
     ithomas@thomaskeel.com
     mlaird@thomaskeel.com

     -AND-

     Maren Lynn Chaloupka – NSBA # 20864
     Chaloupka Law LLC
     1906 Broadway
     P.O. Box 1724
     Scottsbluff, Nebraska 69363-1724
     (308) 270-5091
     mlc@chaloupkalaw.net

Image ID:
D00095803D21

## SUMMONS

Doc. No.   95803

IN THE DISTRICT COURT OF Scotts Bluff COUNTY, NEBRASKA
Scotts Bluff County Courthouse
P.O. Box 47
Gering          NE 69341 0047


Israel Valdez v. Scottsbluff Operations, LLC

Case ID: CI 22     71


TO:  William Packard MD



You have been sued by the following plaintiff(s):

   Israel Valdez




Plaintiff's Attorney:     Maren L Chaloupka
Address:                  P.O. Box 1724
                         Scottsbluff, NE 69363

Telephone:               (308) 270-5091

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Nebraska Supreme Court Rule 2-208 requires individuals involved in a case who
are not attorneys and representing themselves to provide their email address to
the court in order to receive notice by email from the court about the case.
Complete and return the attached form to the court if representing yourself.


Date:  JULY 12, 2022        BY THE COURT:  _Darla Simpson_
                                              Clerk

*[SEAL: CLERK OF THE DISTRICT COURT, SCOTTS BLUFF COUNTY, NE]*

Filed in Scotts Bluff District Court
*** EFILED ***
Case Number: D21CI220000071
Transaction ID: 0018108588
Filing Date: 03/17/2022 09:03:01 AM MDT

## IN THE DISTRICT COURT OF SCOTTS BLUFF COUNTY, NEBRASKA

| | |
|---|---|
| ISRAEL VALDEZ, <br><br>        Plaintiff, <br><br>    vs. <br><br> SCOTTSBLUFF OPERATIONS LLC, a Nebraska limited liability corporation doing business as MONUMENT REHABILITATION & CARE CENTER, ABDEL KADER LAOUEL KADER, M.D., WILLIAM PACKARD, M.D., and COMMUNITY ACTION PARTNERSHIP OF WESTERN NEBRASKA, a Nebraska non-profit corporation, <br><br>        Defendants. | CI 22-71 |

## NOTICE TO STATE COURT PURSUANT TO 42 U.S.C. § 233(*l*)(1)

1. Pursuant to 42 U.S.C. § 233(l)(1), the United States is appearing for the limited purpose of informing the Court that whether Community Action Partnership of Western Nebraska, Abdel Kader Laouel Kader, M.D., and/or William Packard, M.D. has been "deemed" to be an "employee of the Public Health Service", for purposes of 42 U.S.C. § 233, by the Secretary of the U.S. Department of Health and Human Services (HHS), with respect to the actions or omissions that are the subject of this civil action is under consideration.

2. The HHS notified undersigned's office on March 3, 2022, of this state court action.

3. HHS has not yet provided its report as to whether Community Action Partnership of Western Nebraska, Abdel Kader Laouel Kader, M.D., and/or William Packard, M.D. is deemed to be an employee of the Public Health Service for purposes of 42 U.S.C. § 233

with respect to the actions or omissions that are the subject of the above-captioned action.

      4.      Once HHS has completed its review and provided its report, the United States Attorney, as the U.S. Attorney General's delegate, will determine whether the acts alleged fall within the scope of 42 U.S.C. § 233(a), the applicable provisions of the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(g)-(n), and were otherwise within the scope of Community Action Partnership of Western Nebraska, Abdel Kader Laouel Kader, M.D., and/or William Packard, M.D.'s "deemed" employment. *See* 42 U.S.C. § 233(c); 28 C.F.R. § 15.4(b); 60 Fed. Reg. at 22,531. The United States Attorney has not yet been provided with sufficient information to make that determination. If the above-named entity and/or individuals are so determined to have been deemed employees of the Public Health Service for purposes of the acts or omissions giving rise to this suit, and that they were acting within the scope of their deemed employment, it is anticipated that this action will be removed to federal court pursuant to 28 U.S.C. § 233(c).

                    Respectfully submitted,

                    JAN W. SHARP
                    United States Attorney
                    District of Nebraska

                    By:    s/ Timothy R. Hook
                          TIMOTHY R. HOOK, #24529
                          Assistant U.S. Attorney
                          1620 Dodge Street, Suite 1400
                          Omaha, NE  68102-1506
                          Tel:  (402) 661-3700
                          Fax:  (402) 661-3081
                          Email:  tim.hook@usdoj.gov

March 17, 2022

2

# Certificate of Service

I hereby certify that on Thursday, March 17, 2022 I provided a true and correct copy of the Notice Filed to the following:

Valdez,Israel, represented by Chaloupka,Maren,Lynn (Bar Number: 20864) service method: Electronic Service to mlc@chaloupkalaw.net

Kader,Abdel,,MD service method: No Service

Scottsbluff Operations, LLC service method: No Service

CAPWN service method: No Service

Packard,William,,MD service method: No Service

Signature: /s/ Timothy Hook (Bar Number: 24529)

IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEBRASKA

_____

Israel Valdez,                                    )
                                                  )
Plaintiff,                                        )
                                                  )
          v.                                      )
Scottsbluff Operations LLC, d/b/a Monument )
Rehabilitation and Care Center;                   )
Abdel Kader Laouel Kader, MD;                     )
William Packard, MD; and Community                )
Action Partnership of Western Nebraska,           )
                                                  )
                                                  )
                                                  )
Defendants.                                       )
_____ )

DECLARATION OF
MEREDITH TORRES

1.   I am a Senior Attorney in the General Law Division, Office of the General Counsel,

Department of Health and Human Services (the "Department").   I am familiar with the official

records of administrative tort claims maintained by the Department as well as with the system by

which those records are maintained.

2.   The Department has a Claims Office that maintains in a computerized database a

record of administrative tort claims filed with the Department, including those filed with respect

to federally supported health centers that have been deemed to be eligible for Federal Tort Claims

Act malpractice coverage.

3.   As a consequence, if an administrative tort claim had been filed with the Department

with respect to Community Action Partnership of Western Nebraska (CAPWN), its approved

delivery sites, or its employees and/or qualified contractors, a record of that filing would be

maintained in the Claims Office database.

EXHIBIT

B

4.   I have caused a search of the Claims Office's database to be conducted and found that on March 21, 2022, the Department received an administrative tort claim submitted by Chaloupka Law LLC, on behalf of Israel Valdez relating to the medical care, services and treatment provided by Dr. William Packard and CAPWN. To date no final disposition has been made and Plaintiff has not exhausted his administrative remedies pursuant to 28 U.S.C. §2675.

5.   I have reviewed official Agency records and determined that Community Action Partnership of Western Nebraska was deemed eligible for Federal Tort Claims Act malpractice coverage effective at least from January 1, 2018, and that its coverage has continued without interruption since that time.   The Secretary of Health and Human Services' authority to deem entities as Public Health Service employee under 42 U.S.C. § 233(g) has been delegated to the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration.   A true and accurate copy of the notifications, for January 1, 2018 through December 31, 2020, issued by the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration, Department of Health and Human Services to Community Action Partnership of Western Nebraska is attached to this declaration as Exhibit 1.

6.   Official Agency records also indicate that Dr. William Packard was an employee of Community Action Partnership of Western Nebraska at all times relevant to the Plaintiffs' complaint in this case.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Dated at Washington, D.C., the 9th day of August, 2022.

_____

MEREDITH TORRES
Senior Attorney, Claims and Employment Law
General Law Division
Office of the General Counsel
_____

| FTCA DEEMING NOTICE NO.:<br>1-F00000635-17-01 | GRANT NUMBER:<br>H80CS00329 |  |
| --- | --- | --- |

**Community Action Partnership of Western Nebraska**
**3350 10TH ST**
**GERING, NE69341**

Dear Margo Hartman:

The Health Resources and Services Administration (HRSA), in accordance with the Federally Supported Health Centers Assistance Act (FSHCAA), as amended, sections 224(g)-(n) of the Public Health Service (PHS) Act, 42 U.S.C. §§ 233(g)-(n), deems Community Action Partnership of Western Nebraska to be an employee of the PHS, for the purposes of section 224, effective 1/1/2018 through 12/31/2018.

Section 224(a) of the PHS Act provides liability protection under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2672, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under the FTCA, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment. This protection is exclusive of any other civil action or proceeding. Coverage extends to deemed entities and their (1) officers; (2) governing board members; (3) full- and part-time employees; and (4) contractors who are licensed or certified individual health care practitioners providing full-time services (i.e., on average at least 32½ hours per week for the entity for the period of the contract), or, if providing an average of less than 32½ hours per week of such service, are licensed or certified providers in the fields of family practice, general internal medicine, general pediatrics, or obstetrics/gynecology. Volunteers are neither employees nor contractors and therefore are not eligible for FTCA coverage under FSHCAA.

This Notice of Deeming Action (NDA) is also confirmation of medical malpractice coverage for both Community Action Partnership of Western Nebraska and its covered individuals as described above. This NDA, along with documentation confirming employment or contractor status with the deemed entity, may be used to show liability coverage for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment.

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met.

This action is based on the information provided in your FTCA deeming application, as required under 42 U.S.C. § 233(h), with regard to your entity's: (1) implementation of appropriate policies and procedures to reduce the risk of malpractice and litigation; (2) review and verification of professional credentials and privileges, references, claims history, fitness, professional review organization findings, and licensure status of health professionals; (3) cooperation with the Department of Justice (DOJ) in the defense of claims and actions to prevent claims in the future; and (4) cooperation with DOJ in providing information related to previous malpractice claims history.

Deemed health centers must continue to receive funding under Section 330 of the PHS Act, 42 U.S.C. § 254b, in order to maintain coverage as a deemed PHS employee. If the deemed entity loses its Section 330 funding, such coverage will end immediately upon termination of the grant. In addition to the relevant statutory and regulatory requirements, every deemed health center is expected to follow HRSA's FTCA-related policies and procedures, which may be found online at http://www.bphc.hrsa.gov.

For further information, please contact your HRSA Project Officer as listed on your Notice of Grant Award or the Bureau of Primary Health Care (BPHC) Help Line at 1-877-974-2742 or bphchelpline@hrsa.gov.

**EXHIBIT**

**1**

**1. ISSUE DATE:** (MM/DD/YYYY)
6/27/2018

**2a. FTCA DEEMING NOTICE NO.:**
1-F00000635-18-01

**2b. Supersedes: [ ]**

**3. COVERAGE PERIOD:**
   From:  1/1/2019  Through: 12/31/2019

**4. NOTICE TYPE:**
Renewal

**5. ENTITY NAME AND ADDRESS:**
Community Action Partnership of Western Nebraska
3350 10TH ST
GERING, NE 69341

**6. ENTITY TYPE:**
Grantee

**7. EXECUTIVE DIRECTOR:**
Margo Hartman

**8a. GRANTEE ORGANIZATION:**
Community Action Partnership of Western Nebraska

**8b. GRANT NUMBER:**
H80CS00329

DEPARTMENT OF HEALTH AND HUMAN SERVICES
HEALTH RESOURCES AND SERVICES ADMINISTRATION



NOTICE OF DEEMING ACTION
FEDERAL TORT CLAIMS ACT AUTHORIZATION:
Federally Supported Health Centers Assistance Act(FSHCAA), as amended,
Sections 224(g)-(n) of the Public Health Service (PHS) Act, 42 U.S.C. § 233(g)-(n)

**9. THIS ACTION IS BASED ON THE INFORMATION SUBMITTED TO, AND AS APPROVED BY HRSA, AS REQUIRED UNDER 42 U.S.C. § 233(h) FOR THE ABOVE TITLED ENTITY AND IS SUBJECT TO THE TERMS AND CONDITIONS INCORPORATED EITHER DIRECTLY OR BY REFERENCE IN THE FOLLOWING:**
   a. The authorizing program legislation cited above.
   b. The program regulation cited above, and,
   c. HRSA's FTCA-related policies and procedures.

In the event there are conflicting or otherwise inconsistent policies applicable to the program, the above order of precedence shall prevail.

**10. Remarks:**


The check box [x] in the supersedes field indicates that this notice supersedes any and all active NDAs and rescinds any and all future NDAs issued prior to this notice.

*Electronically signed by Tonya Bowers, Deputy Associate Administrator for Primary Health Care on: 6/27/2018 6:36:45 PM*

A printer version document only. The document may contain some accessibility challenges for the screen reader users. To access same information, a fully 508 compliant accessible HTML version is available on the HRSA Electronic Handbooks in the FTCA Folder. If you need more information, please contact the BPHC Helpline at 877-974-BPHC (2742); Weekdays from 8:30 AM to 5:30 PM ET.

1. ISSUE DATE: (MM/DD/YYYY)
7/24/2019

2a. FTCA DEEMING NOTICE NO.:
1-F00000635-19-01

2b. Supersedes: [ ]

3. COVERAGE PERIOD:
From: 1/1/2020   Through: 12/31/2020

4. NOTICE TYPE:
Renewal

5. ENTITY NAME AND ADDRESS:
Community Action Partnership of Western Nebraska
3350 10TH ST
GERING, NE 69341

6. ENTITY TYPE:
Grantee

7. EXECUTIVE DIRECTOR:
Margo Hartman

8a. GRANTEE ORGANIZATION:
Community Action Partnership of Western Nebraska

8b. GRANT NUMBER:
H80CS00329

DEPARTMENT OF HEALTH AND HUMAN SERVICES
HEALTH RESOURCES AND SERVICES ADMINISTRATION



NOTICE OF DEEMING ACTION
FEDERAL TORT CLAIMS ACT AUTHORIZATION:
Federally Supported Health Centers Assistance Act(FSHCAA), as amended,
Sections 224(g)-(n) of the Public Health Service (PHS) Act, 42 U.S.C. § 233(g)-(n)

9. THIS ACTION IS BASED ON THE INFORMATION SUBMITTED TO, AND AS APPROVED BY HRSA, AS REQUIRED UNDER 42 U.S.C. § 233(h) FOR THE ABOVE TITLED ENTITY AND IS SUBJECT TO THE TERMS AND CONDITIONS INCORPORATED EITHER DIRECTLY OR BY REFERENCE IN THE FOLLOWING:

   a. The authorizing program legislation cited above.
   b. The program regulation cited above, and,
   c. HRSA's FTCA-related policies and procedures.

In the event there are conflicting or otherwise inconsistent policies applicable to the program, the above order of precedence shall prevail.

10. Remarks:

The check box [x] in the supersedes field indicates that this notice supersedes any and all active NDAs and rescinds any and all future NDAs issued prior to this notice.

*Electronically signed by Tonya Bowers, Deputy Associate Administrator for Primary Health Care on: 7/24/2019 11:05:26 AM*

A printer version document only. The document may contain some accessibility challenges for the screen reader users. To access same information, a fully 508 compliant accessible HTML version is available on the HRSA Electronic Handbooks in the FTCA Folder. If you need more information, please contact the BPHC Helpline at 877-974-BPHC (2742); Weekdays from 8:30 AM to 5:30 PM ET.

3-1-22

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ISRAEL VALDEZ,

           Plaintiff,

    vs.

SCOTTSBLUFF OPERATIONS LLC, a
Nebraska limited liability corporation doing
business as MONUMENT
REHABILITATION & CARE CENTER,
ABDEL KADER LAQUEL KADER, M.D.,
WILLIAM PACKARD, M.D., and
COMMUNITY ACTION PARTNERSHIP OF
WESTERN NEBRASKA, a Nebraska non-
profit corporation,

           Defendants.

8:22CV____

CERTIFICATION

       I, Steven A. Russell, Acting United States Attorney for the District of Nebraska, acting

pursuant to the provisions of 42 U.S.C. § 233(c), and by virtue of the authority vested in me by 28

C.F.R. § 15.4, hereby certify that I have read the Complaint in this action.  Community Action

Partnership of Western Nebraska has been deemed to be part of the Public Health Service, an

agency of the United States, by the Department of Health and Human Services pursuant to the

Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(a)-(n).  Based on the

information now available with respect to the allegations therein, I find that Defendant,

Community Action Partnership of Western Nebraska, was acting within the scope of its

employment as an employee of the Public Health Service and therefore was an employee of the

United States at the time of the conduct alleged in the Complaint.  Furthermore, based on the

information now available with respect to the allegations therein, I find that the Defendant Dr.

William Packard, was acting within the scope of his employment as an employee of Community

Action Partnership of Western Nebraska at the time of the allegations.  Thus, Dr. William Packard

EXHIBIT
C

is deemed to be an employee of the Public Health Service and therefore an employee of the United States at the time of the conduct alleged in the Complaint.

Dated this 10th day of August, 2022.

STEVEN A. RUSSELL
Acting United States Attorney
District of Nebraska