IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ISRAEL VALDEZ,<br><br>        Plaintiff,<br><br>vs.<br><br>SCOTTSBLUFF OPERATIONS LLC, a Nebraska limited liability corporation; ABDEL KADER LAQUEL KADER, M.D., and UNITED STATES OF AMERICA,<br><br>        Defendants. | **8:22CV289**<br><br>**ORDER** |

IT IS ORDERED:

1) The parties' stipulation, (Filing No. 103), is approved.

2) As to discovery materials produced in <u>Israel Valdez v. Medical Center of the Rockies d/b/a UCHealth Medical Center of the Rockies</u>, Larimer County District Court Case No. 2022 CV 30094 in Larimer County, Colorado, any production and/or disclosure in this case shall be subject to the terms of the protective order entered in the Colorado case, a copy of which is attached.

Dated this 17th day of November, 2023.

                                            BY THE COURT:

                                            <u>*s/ Cheryl R. Zwart*</u>
                                            United States Magistrate Judge

| | |
|---|---|
| **DISTRICT COURT, COUNTY OF LARIMER, STATE OF COLORADO**<br>201 La Porte Avenue<br>Fort Collins, Colorado 80521 | DATE FILED: August 25, 2022 2:57 PM<br>CASE NUMBER: 2022CV30094 |
| **Plaintiff(s):**<br>ISRAEL VALDEZ<br><br>v.<br><br>**Defendant(s):**<br>MEDICAL CENTER OF THE ROCKIES d/b/a UCHEALTH MEDICAL CENTER OF THE ROCKIES, and JENNIFER LEVY WOELK, M.D. | ▲ COURT USE ONLY ▲ |
| Attorneys for Defendant Medical Center of the Rockies:<br>Gilbert A. Dickinson, #6755<br>Andrew C. Nickel, #45235<br>Jackson Kelly PLLC<br>1099 18th Street, Suite 2150<br>Denver, Colorado 80202<br>(303) 390-0003<br>(303) 390-0177 (facsimile)<br>gilbert.dickinson@jacksonkelly.com<br>andrew.nickel@jacksonkelly.com | **Case Number:** 2022 CV 30094<br><br>**Courtroom/Div.:** 4A |
| **STIPULATED PROTECTIVE ORDER** | |

The parties, through their counsel of record, stipulate and move the Court for a Protective Order pursuant to Colo. R. Civ. Pro. 26(e) concerning the use and treatment of "Confidential Documents" (defined below). As grounds therefore, the Parties state as follows:

1.       "Confidential Documents," for purposes of this Protective Order refers to hospital regulations, manuals, policies, procedures, and guidelines including indices. These documents are designated as confidential by the stamp "CONFIDENTIAL" placed in a manner that does not interfere with their legibility.

2. A party may object to the designation of particular information as CONFIDENTIAL by giving written notice to the party designating the disputed information. The written notice shall be made not less than 91 days before trial and shall identify the information to which the objection is made. If the parties cannot resolve the objection within twenty one (21) days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion, making a showing in support of its position that the materials are confidential in nature, and requesting that the Court or Special Master determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court (or Special Master if one is appointed by the Court) rules on the motion. If the designating party fails to file such a motion within the prescribed time, the designation is waived and the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  Once a CONFIDENTIAL designation is waived, either by agreement or due to the failure of the designating party to timely file a motion as described above, the designating / producing party will thereafter replace the documents marked as CONFIDENTIAL with unmarked copies to minimize confusion among the parties and the Court.

3. Individuals authorized to review Confidential Documents pursuant to this Protective Order shall hold Confidential Documents in confidence and shall neither share the Confidential Documents nor divulge their contents to anyone outside of this litigation, except under the limited circumstances described in Paragraphs 4 and 5, below.

4. Confidential Documents may be disclosed to the following people, provided that they comply with the terms of this Protective Order:

a. The Court, Counsel for the Parties and their respective support staff;

b. The Parties and designated representatives of the entity Defendants, and their respective employees and consultants;

c. Expert witnesses, disclosed treating physicians or healthcare providers, and consultants retained, and their staffs, in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

d. Stenographic reporters who are engaged in proceedings related to this action; and

e. Deponents.

5. In the event it is necessary to file the Confidential Documents with the Court in connection with any proceeding or motion, the Confidential Documents shall be filed under seal. The pleadings may refer to the Confidential Documents without being filed under seal, unless the Confidential Documents are quoted or re-produced within the motion.

6. Whenever a deposition involves the marking of Confidential Documents as exhibits, the applicable portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Consistent with the provision in paragraph 5 regarding their use in pleadings, Confidential Documents may be discussed in depositions without invoking confidentiality, unless the documents are marked as exhibits, shown to the camera in a videotaped deposition, or shown to the screen on a recorded Zoom (or comparable service) remote deposition. Such confidential designation shall be made on the record during the deposition whenever possible, but a Party may designate portions of depositions as Confidential after transcription,

provided written notice of such designation is promptly given to all counsel of record within 30 days after completion and delivery of the transcript. Admissibility of the designated Confidential Documents will be reserved for and addressed at trial.

7. The protections in this Order remain in effect after this civil action is concluded and will continue to apply in the event of an appeal. These Confidential Documents remain subject to C.R.P.C. 1.16A.

THOMAS KEEL & LAIRD LLC

*/s/ Jennifer L. Keel*
Isobel S. Thomas, Esq.
Jennifer L. Keel, Esq.
Matthew R. Laird, Esq.
*Attorneys for Plaintiff*

JACKSON KELLY PLLC

*/s/ Andrew C. Nickel*
Gilbert A. Dickinson, Esq.
Andrew C. Nickel, Esq.
*Attorneys for Defendant MCR*

MESSNER REEVES LLP

*/s/ Matthew W. George*
Douglas C. Wolanske, Esq.
Matthew W. George, Esq.
*Attorneys for Jennifer Woelk, MD*

BY THE COURT:
*Dated as stated on the electronic filing*

C. Bichelle Buney
_____
District Court Judge

4