IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ISRAEL VALDEZ, <br><br> Plaintiff, <br><br> vs. <br><br> SCOTTSBLUFF OPERATIONS LLC, a Nebraska limited liability corporation; ABDEL KADER LAQUEL KADER, M.D., and the UNITED STATES OF AMERICA, <br><br> Defendants. <br> _____ <br><br> ABDEL KADER LAQUEL KADER, MD, <br><br> Crossclaim Plaintiff, <br><br> vs. <br><br> THE UNITED STATES OF AMERICA, <br><br> Crossclaim Defendant. | 8:22–CV–289 <br><br><br> **MEMORANDUM AND ORDER ON UNITED STATES' MOTION TO DISMISS CROSSCLAIM** |

The underlying litigation in this case, which is not presently before the Court, involves alleged negligent provision of medical treatment. Filing 38-1. Presently before the Court is defendant United States' Motion to Dismiss a Crossclaim filed by another defendant, Abdel Kader Laquel Kader, MD (Dr. Kader). Filing 130. Dr. Kader seeks to compel the United States to defend and indemnify him against the underlying negligence claims in this case. Filing 104. The United States has moved to dismiss the crossclaim filed by Dr. Kader pursuant Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. Filing 130. For the reasons below, the Court grants the United States' Motion to Dismiss.

1

### I. BACKGROUND

#### A. Factual Background

The substantive dispute underlying this case involves allegedly negligent medical care that plaintiff Israel Valdez received from healthcare professionals including Dr. Kader. *See generally* Filing 38-1. In a previous Order, the Court discussed in greater depth the facts of the underlying dispute in this case. *See* Filing 45. This background section will focus on the facts underlying Dr. Kader's Crossclaim against the United States. On a Rule 12(b)(1) "facial" challenge to subject matter jurisdiction, which requires application of Rule 12(b)(6) "safeguards," the factual background is drawn from allegations in the pleading taken as true. *Bauer v. AGA Serv. Co.*, 25 F.4th 587, 589 (8th Cir. 2022) (explaining that on a Rule 12(b)(6) motion, a court must accept facts alleged in the pleading as true); *Croyle by & through Croyle v. United States*, 908 F.3d 377, 380–81 (8th Cir. 2018) (distinguishing between "facial" and "factual" challenges under Rule 12(b)(1) on the basis that Rule 12(b)(6) "safeguards" apply to the former). Thus, the following summary is drawn from Dr. Kader's Crossclaim.

Dr. Kader is a licensed physician in the State of Nebraska. Filing 104 at 2 (¶ 1). Community Action Partnership of Western Nebraska (CAPWN)—a former defendant in this case—"is a Federally Qualified Health Center pursuant to 42 U.S.C. § 233(c) and was deemed eligible for Federal Tort Claims Act malpractice coverage effective at least from January 1, 2018, and its coverage continued without interruption from that time." Filing 104 at 2 (¶ 4). Dr. Kader's services for plaintiff Valdez were "performed pursuant to a Physician Services Agreement with CAPWN." Filing 104 at 3 (¶ 15). "The Contract is between Dr. Kader, individually, and CAPWN." Filing 104 at 3 (¶ 16). Under the Contract, Dr. Kader provides healthcare services "for two 9.5-hour clinical sessions per week at CAPWN's clinic . . . as an independent contractor." Filing 104 at 4

2

(¶¶ 17–18). In his Crossclaim, Dr. Kader sets out the following paragraph from the Contract in full:

> [CAPWN] and its employed and certain individually contracted health care practitioners have Federal Tort Claims Act ("FTCA") coverage for professional liability actions claims or proceedings arising out of acts or omissions committed while providing healthcare services within Health Center's scope of project. **Physician shall be covered** under Health Center's FTCA coverage for professional errors, omissions, negligence[,] incompetence, and malfeasance with limits of liability equal to that of other professionals[.] Such coverage shall exclusively extend to Services furnished by Physician on behalf of [CAPWN].

Filing 104 at 4 (¶ 20) (first and last alterations and emphasis in original). Dr. Kader alleges that he never received "notice of any change in coverage." Filing 104 at 4 (¶ 23). In addition, under the Contract, "CAPWN agree[d] to defend, indemnify, and hold harmless Dr. Kader for claims like the one being asserted in this matter." Filing 104 at 4 (¶ 24). Dr. Kader alleges that the contract was successively renewed each year and effective at the time Dr. Kader treated plaintiff Valdez. Filing 105 at 5 (¶¶ 26, 30).

In June 2022, "Dr. Kader requested [that] the Attorney General certify him as a covered federal health employee pursuant to 28 USC § 233 and his Contract with CAPWN and defend and indemnify Plaintiff's claims against him." Filing 105 at 6 (¶ 35). However, in a Declaration previously submitted by Dr. Kader to the Department of Health and Human Services, "Dr. Kader erroneously stated . . . that he was a contracted provider through LK Health Services, LLC, his own eponymous professional corporation from October 2016 until approximately March of 2022," rather than a covered individual. Filing 104 at 6 (¶ 33). Accordingly, in August 2022, an Assistant Attorney General "denied Dr. Kader's certification request, stating Dr. Kader did not qualify as an individual under 42 U.S.C. § 233(g)(5) because he was not an 'individual' pursuant to 42 U.S.C. 233(g) when he directed payment from CAPWN to his professional corporation, LK Health

3

Services, P.C." Filing 104 at 6 (¶ 36).[1] Dr. Kader notes that "[t]he Contract contained no terms prohibiting the payment of Dr. Kader from CAPWN to his professional corporation, LK Health Services, P.C. in order to qualify for Federal Tort Claims coverage." Filing 104 at 6 (¶ 37). Dr. Kader's subsequent two demands for defense and indemnification were similarly rejected by the Assistant Attorney General. Filing 104 at 6–7 (¶¶ 38–40).[2]

### B. Procedural Background

Valdez filed suit against several defendants, including Dr. Kader, on February 11, 2022, in Nebraska state court. Filing 38-1 at 1. The case was subsequently removed to this Court. *See* Filing 1 at 3. On May 18, 2023, the United States substituted itself for defendants Community Action Partnership of Western Nebraska and William Packard, M.D. Filing 72. Dr. Kader filed his Crossclaim against the United States on November 17, 2023. Filing 104. The Crossclaim contains three Counts: Declaratory Judgment, Injunctive Relief, and Detrimental Reliance/Promissory Estoppel. Filing 104 at 7–9. The United States moved to dismiss the Crossclaim on January 22, 2024. Filing 130.

---

[1] The United States contends that "Dr. Kader was not covered by the FSHCAA because, despite having purported to contract personally with CAPWN, payment for Dr. Kader's services was made to a professional corporation, LK Health Services, P.C., an arrangement that took Dr. Kader outside of the limited statutory definition for covered contractors in 42 U.S.C. § 233(g)(5)." Filing 131 at 3. The United States cites the Federal Tort Claims Act: Health Center Policy Manual, which states:

> To ensure FTCA coverage for contract providers, there should be a documented contractual relationship (i.e., a written contract for the provision of health services) between the covered entity and the individual provider. In addition, compensation that arises from this contract, such as contracted wages, should be paid by the covered entity directly to the individual contract provider. A contract between a covered entity and a provider's corporation does not confer FTCA coverage on the provider. Services provided strictly pursuant to a contract between a covered entity and any corporation, including eponymous professional corporations (defined as a professional corporation to which one has given one's name, e.g., John Doe, LLC, and consisting of only one health care provider), are not covered under FSHCAA and the FTCA.

Filing 131 at 3–4 n.2.

[2] Dr. Kader also alleges that he "holds secondary professional liability coverage" but that "such coverage is only effective when other insurance or indemnification provisions are exhausted." Filing 104 at 7 (¶ 41).

## II. LEGAL ANALYSIS

### A. Rule 12(b)(1) Standards

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for a pre-answer motion to dismiss for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). The Eighth Circuit Court of Appeals has explained that on a Rule 12(b)(1) motion,

> The plaintiff bears "the burden of proving the existence of subject matter jurisdiction," and we may look at materials "outside the pleadings" in conducting our review. [*Herden v. United States*, 726 F.3d 1042, 1046 (8th Cir. 2013) (en banc)] (quoting *Green Acres Enters., Inc. v. United States*, 418 F.3d 852, 856 (8th Cir. 2005)). Because of the "unique nature of the jurisdictional question," *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990) (citation omitted), it is the court's duty to "decide the jurisdictional issue, not simply rule that there is or is not enough evidence to have a trial on the issue," *id*. at 730. As such, if the court's inquiry extends beyond the pleadings, it is not necessary to apply Rule 56 summary judgment standards. *Id*. at 729. Rather, the court may receive evidence via "any rational mode of inquiry," and the parties may "request an evidentiary hearing." *Id*. at 730 (quoting *Crawford v. United States*, 796 F.2d 924, 928 (7th Cir. 1986)). Ultimately, the court must rule upon "the jurisdictional issue [unless it] is 'so bound up with the merits that a full trial on the merits may be necessary to resolve the issue.'" *Id*. (quoting *Crawford*, 796 F.2d at 928).

*Buckler v. United States*, 919 F.3d 1038, 1044 (8th Cir. 2019); *Am. Fam. Mut. Ins. Co. v. Vein Centers for Excellence, Inc.*, 912 F.3d 1076, 1081 (8th Cir. 2019) ("[A] motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) raises a factual challenge to the court's jurisdiction, and courts may look to evidence outside the pleadings and make factual findings." (citing *Davis v. Anthony, Inc.*, 886 F.3d 674, 679 (8th Cir. 2018)).

The *Buckler* decision suggests that a challenge to subject matter jurisdiction pursuant to Rule 12(b)(1) is always "factual," but "facial" challenges are also possible:

> In deciding a motion under Rule 12(b)(1), the district court must distinguish between a facial attack—where it looks only to the face of the pleadings—and a factual attack—where it may consider matters outside the pleadings. *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir.1990). In a factual attack, the "non-moving party does not have the benefit of 12(b)(6) safeguards." *Id*. If the jurisdictional issue is "bound up" with the merits of the case, the district court may

5

"decide whether to evaluate the evidence under the summary judgment standard." *Moss v. United States*, 895 F.3d 1091, 1097 (8th Cir.2018). This court is bound by the district court's characterization of the Rule 12(b)(1) motion. *Carlsen v. GameStop, Inc*., 833 F.3d 903, 908 (8th Cir.2016) ("The method in which the district court resolves a Rule 12(b)(1) motion—that is, whether the district court treats the motion as a facial attack or a factual attack—obliges us to follow the same approach.").

*Croyle by & through Croyle v. United States*, 908 F.3d 377, 380–81 (8th Cir. 2018).

In this case, the United States designates its challenge to subject matter jurisdiction as facial. *See* Filing 131 at 2 n.1 ("The Complaint and Crossclaim's allegations are summarized here only for the purpose of this Motion's facial attack on jurisdiction. The United States reserves its right to present a factual attack on jurisdiction under Rule 12(b)(1) if the Court finds it necessary to resolve any jurisdictional dispute."). Under these circumstances, Plaintiffs are entitled to Rule 12(b)(6) "safeguards." *Croyle*, 908 F.3d at 380.

### B. Preliminary Matters

The Court begins with two preliminary matters. First, the parties contest whether sovereign immunity bars Dr. Kader's Crossclaim. However, because the Court concludes that it lacks subject matter jurisdiction due to Dr. Kader's failure to identify a private cause of action against the United States, the Court does not reach the question of sovereign immunity.

Second, because this is strictly a challenge to subject matter jurisdiction, the Court does not consider the merits of Dr. Kader's Crossclaim. Nonetheless, the Court finds it concerning that Dr. Kader's contract with CAPWN, a federally covered entity, contains an express indemnification clause, *see* Filing 104 at 13 (¶ 3.4), but the United States refuses to honor it. Although the Court ultimately concludes that there is no subject matter jurisdiction over Dr. Kader's Crossclaim, this conclusion is not tantamount to holding that individuals in Dr. Kader's position are entirely without a remedy; to the contrary, the Court expresses no opinion on that matter. The Court's holding is

simply that 42 U.S.C. § 233(g)—the provision under which Dr. Kader's claim allegedly arises, Filing 104 at 3 (¶ 11)—does not provide individuals with a private cause of action against the United States to force compliance with federal law. Whether any other provision of law authorizes such an action is not a question presently before the Court.

### C. The Court Lacks Subject Matter Jurisdiction Over Dr. Kader's Crossclaim

*1. The Parties' Arguments*

The United States argues that the Crossclaim must be dismissed because "defendant-employees cannot compel the United States to defend an employee under [the Federally Supported Health Centers Assistance Act of 1995, 42 U.S.C. §§ 233(g)-(n) (FSHCAA)]." Filing 131 at 8. The United States also points out that "Dr. Kader does not purport to identify a statutory basis for jurisdiction or waiver of immunity authorizing" his Crossclaim. Filing 131 at 8. The United States further contends that Dr. Kader's "seeking to compel the United States to defend him in the underlying action and have this Court forcibly substitute the United States as a party in his place . . . is prohibited under the FTCA's limited waiver of sovereign immunity." Filing 131 at 10. In short, the United States argues that dismissal pursuant to Rule 12(b)(1) is warranted for two reasons: first, Dr. Kader lacks a private cause of action that provides a basis for the Court's subject matter jurisdiction; and second, Dr. Kader fails to show any waiver of sovereign immunity.

Dr. Kader makes three main arguments in response to the Motion to Dismiss. First, Dr. Kader argues that 42 U.S.C. § 233 impliedly permits Dr. Kader to bring a Crossclaim against the United States to determine whether he is entitled to Federal Tort Claims Act Coverage. He argues that § 233(g)(5) provides that the United States will defend and indemnify healthcare contractors who meet certain criteria, which Dr. Kader alleges that he also meets. Filing 104 at 7 (¶ 46).

7

Specifically, Dr. Kader contends that the Westfall Act, 28 U.S.C. § 2679(d)(3),³ "carves out a process by which a government employee can obtain judicial review of a negative certification by the Attorney General for purposes of Federal Tort Claims Act Coverage." Filing 135 at 8. Dr. Kader contends that 28 U.S.C. § 2679 is "sufficiently analogous" to 42 U.S.C. § 233 such that "interpreting certification under § 2679 applies to § 233." Filing 135 at 8–9. Accordingly, Dr. Kader argues that by applying 28 U.S.C. § 2679 to 42 U.S.C. § 233, "the scope of certification under Section 233 [is] reviewable and the court has the power to substitute" the United States for Dr. Kader. Filing 135 at 9.

Second, Dr. Kader contends that "[b]ecause Plaintiff's suit against Community Action Partnership and Dr. Packard involved state law malpractice claims against the other defendants, the Court holds supplemental jurisdiction over Plaintiff's claims against the remaining defendants pursuant to 28 U.S.C. § 1367." Filing 135 at 4.

Third, Dr. Kader argues that although § 233 does not expressly provide a cause of action against the United States for an individual to compel the United States to comply with the requirements of § 233, the Court nonetheless "has the power to determine Dr. Kader's immunity status pursuant to the ordinary Rules of Evidence and Procedure, which includes the power to substitute the United States in place of Dr. Kader." Filing 135 at 5 (capitalization omitted). Dr. Kader explains that because "the Court already has jurisdiction" over the United States, "the Court can likewise determine if substitution of the United States is appropriate in the present action." Dr. Kader's reference to "the ordinary Rules of Evidence and Procedure" is unspecific, to put it kindly.

---

³ The Westfall Act, 28 U.S.C. § 2679(d)(3), provides, "In the event that the Attorney General has refused to certify scope of office or employment under this section, the employee may at any time before trial petition the court to find and certify that the employee was acting within the scope of his office or employment. Upon such certification by the court, such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant."

The Court understands Dr. Kader to argue that because the Court has subject matter jurisdiction over plaintiff Valdez's claims against the United States and because Dr. Kader can assert a Crossclaim against the United States under Fed. R. Civ. P. 13, the Court necessarily has subject matter jurisdiction over the Crossclaim. The Court rejects this argument. *See* Fed. R. Civ. P. 82 ("These rules do not extend or limit the jurisdiction of district courts[.]"). Thus, the Court only considers Dr. Kader's arguments that the Court has original jurisdiction over his Crossclaim because there is a private cause of action implied in 42 U.S.C. § 233 or because supplemental jurisdiction exists.

In reply, the United States contends that "[t]he Westfall Act is not applicable in this case." Filing 151 at 6. The United States also reiterates its argument that "Dr. Kader has not identified in his crossclaim, or his opposition, a statutory basis for jurisdiction or waiver of immunity authorizing suit founded upon a contract or the injunctive relief he seeks." Filing 151 at 8. The United States does not address Dr. Kader's supplemental jurisdiction argument. *See generally* Filing 131; Filing 151.

   2.  *No Basis Exists for Subject Matter Jurisdiction Over the Crossclaim*

The Court agrees with the United States that dismissal for lack of subject matter jurisdiction is appropriate because Dr. Kader has not identified any private cause of action that would permit his Crossclaim. Accordingly, there is no need to consider the United States arguments regarding sovereign immunity. "Federal courts are courts of limited jurisdiction." *Oglala Sioux Tribe v. C & W Enterprises, Inc.*, 487 F.3d 1129, 1130 (8th Cir. 2007) (citations omitted). Dr. Kader's asserted bases for the Court's jurisdiction over his Crossclaim are 28 U.S.C. §§ 1346(a)(2), 1346(b), and 1367. Filing 104 at 3 (¶ 9). The Court will address each of these alleged bases of subject matter jurisdiction in turn.

9

a. Jurisdiction under 28 U.S.C. § 1346(a)(2)

28 U.S.C. § 1346(a)(2) provides, "The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of . . . [a]ny other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress[.]" Dr. Kader alleges that his Crossclaim "arises under 42 U.S.C. § 233(g)." Filing 104 at 3 (¶ 11).[4] Dr. Kader's Crossclaim contains mention of monetary damages but does not specify a sum. *See* Filing 104 at 10 (prayer for an award of "a reasonable amount of compensatory and special damages in an amount to be determined at trial"). It is unclear whether the money damages exceed $10,000—in which case the Court of Federal Claims would have exclusive jurisdiction. *Larson v. United States*, No. 21-3319, 2022 WL 1494239, at *1 (8th Cir. May 12, 2022) (citing *Minnesota v. Heckler*, 718 F.2d 852, 857 (8th Cir. 1983) ("The exclusive jurisdiction of the Claims Court applies to monetary claims in excess of $10,000 against the United States and its agencies.")). However, the Eighth Circuit has stated, "If the declaratory or injunctive relief a claimant seeks has significant prospective effect or considerable value apart from merely determining monetary liability of the government, the equitable relief sought is paramount and the district court may assume jurisdiction over the nonmonetary claims." *Heckler*, 718 F.2d at 857. Because the main purpose of Dr. Kader's Crossclaim is not to recover an unspecified sum of damages but to obtain an injunction requiring the United States to defend and indemnify him, "the

---

[4] Dr. Kader also alleged the Court has subject matter jurisdiction under 28 U.S.C. § 1346(b), which provides that "the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment[.]" Because § 1346(b) concerns only "money damages," § 1346(b) does not provide jurisdiction for Count II, Dr. Kader's claim for injunctive relief.

equitable relief is paramount" and the Court "may assume jurisdiction over the nonmonetary claims."

Dr. Kader's claims must also be "founded either upon the Constitution, or any Act of Congress" or other federal law for the Court to have subject matter jurisdiction under 28 U.S.C. § 1346(a)(2). Because this is a challenge to subject matter jurisdiction, "[d]ismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy' or 'where such a claim is wholly insubstantial and frivolous.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citation omitted). Dr. Kader alleges that his "action arises under 42 U.S.C. § 233(g)." Filing 104 at 3 (¶ 11). Courts "consider a claim to have arisen under federal law if a federal cause of action appears on the face [of] a well-pleaded complaint." *Oglala Sioux Tribe*, 487 F.3d at 1130. The same is true for crossclaims against the United States. *See U.S. v. U.S. Fidelity & Guar. Co.*, 309 U.S. 506, 512 (1940) ("[C]ross-claims against the United States are justiciable only in those courts where Congress has consented to their consideration. Proceedings upon them are governed by the same rules as direct suits."). Federal causes of action can be express or implied. Regarding implied causes of actions, the Eighth Circuit has stated,

> When to imply a cause of action is bigger than just this case. The practice has long been controversial, in part because having the judiciary decide who can sue bypasses the legislative process. The Supreme Court has been increasingly reluctant to go down this road in recent years, often citing the general principle that "private rights of action to enforce federal law must be created by Congress." Gone are the days of divining "congressional purpose." . . . Many statutes simply say when a private right of action is available. . . . When those details are missing, it is not [the Court's] place to fill in the gaps, except when "text and structure" require it. Under the modern test for implied rights of action, Congress must have both created an individual right and given private plaintiffs the ability to enforce it.

11

*Arkansas State Conf. NAACP v. Arkansas Bd. of Apportionment*, 86 F.4th 1204, 1208–09 (8th Cir. 2023) (citations omitted). Thus, the Court must determine whether Dr. Kader's Crossclaim indeed "arises under 42 U.S.C. § 233(g)," permitting the Court to exercise subject matter jurisdiction pursuant to 28 U.S.C. § 1346. The Court concludes that § 233(g) does not provide a cause of action for Dr. Kader's Crossclaim.

42 U.S.C. § 233(a) and (b) provide, "The Attorney General shall defend any civil action or proceeding brought in any court against [any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment] for [damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions]." Section 233 does not contain an express cause of action for aggrieved defendants in FTCA suits to sue the United States to force the Government to provide a defense and indemnification. Nor is there any reason to believe Congress implied "a private right[ ] of action to enforce federal law" in § 233. *Arkansas State Conf. NAACP*, 86 F.4th at 1208. While Congress may have arguably "created an individual right"—defense and indemnity by the government for Public Health Service employees "acting in the scope his office or employment," 42 U.S.C. § 233(b)—Congress nowhere "g[ave] private plaintiffs the ability to enforce it." *Id.* at 1209. Under these circumstances, the Court declines to recognize an implied private right of action under 42 U.S.C. § 233.

Dr. Kader's argument that "case law interpreting [the Westfall Act] applies to § 233 . . . [and] the scope of certification under Section 233 [is] reviewable and the court has the power to substitute" is unavailing. As the United States points out, Dr. Kader's argument has already been rejected by other Courts. *See, e.g.*, *O'Brien v. United States*, 56 F.4th 139, 146 (1st Cir. 2022) ("The differences between the Westfall Act and the relevant portions of the PHSA [§ 233] are real,

12

not simply technical."); *Thomas v. Phoebe Putney Health Sys., Inc*, 972 F.3d 1195, 1198 (11th Cir. 2020) (stating that "[t]he Westfall Act is a separate statutory scheme" from § 233). The Court sees no reason to incorporate the Westfall Act into § 233 where numerous other courts have refused to do so. Therefore, Dr. Kader's claim is not "founded [ ] upon" federal law for the Court to have subject matter jurisdiction under 28 U.S.C. § 1346(a)(2) because Dr. Kader has not alleged a valid "federal cause of action." *Oglala Sioux Tribe*, 487 F.3d at 1130. Because there is no cause of action for Dr. Kader's Crossclaim, it is "so . . . completely devoid of merit as not to involve a federal controversy." *Steel Co.*, 523 U.S. at 89. Accordingly, 28 U.S.C. § 1346(a)(2) cannot serve as a basis for subject matter jurisdiction over Dr. Kader's Crossclaim.

      b.   Jurisdiction Under 28 U.S.C. § 1346(b)

Dr. Kader also alleged the Court has subject matter jurisdiction under 28 U.S.C. § 1346(b), which provides that "the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment[.]" The Supreme Court has explained this source of jurisdiction, stating,

> Section 1346(b) grants the federal district courts jurisdiction over a certain category of claims for which the United States has waived its sovereign immunity and "render[ed]" itself liable. This category includes claims that are:
>
>> "[1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).

13

> A claim comes within this jurisdictional grant—and thus is "cognizable" under § 1346(b)—if it is actionable under § 1346(b). And a claim is actionable under § 1346(b) if it alleges the six elements outlined above.

*F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994) (citations omitted).

Dr. Kader's Crossclaim is plainly not "actionable under § 1346(b)." *Id.* While his Crossclaim is "[1] against the United States, [2] for money damages," Dr. Kader seeks defense and indemnity in the litigation underlying his Crossclaim, not recompense "[3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id.* Because Dr. Kader's Crossclaim is not "'cognizable' under § 1346(b)," § 1346(b) cannot serve as a basis for the Court's subject matter jurisdiction.

### c. Supplemental Jurisdiction Under 28 U.S.C. § 1367

Because the Court does not have original jurisdiction over Dr. Kader's Crossclaim, the Court must determine whether it has supplemental jurisdiction over the Crossclaim, as Dr. Kader alleges. 28 U.S.C. § 1367 provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The Eighth Circuit has elaborated:

> Claims within the action are part of the same case or controversy if they derive from a common nucleus of operative fact. Claims derive from a common nucleus of operative fact if they are such that a plaintiff would ordinarily be expected to try them all in one judicial proceeding. Once original jurisdiction exists, supplemental jurisdiction over all related claims is mandatory, absent certain statutory exceptions.

14

*Benchmark Ins. Co. v. SUNZ Ins. Co.*, 36 F.4th 766, 771 (8th Cir. 2022) (citations and quotations omitted). "The exercise of supplemental jurisdiction is reviewed for abuse of discretion." *Brown v. Mortg. Elec. Registration Sys., Inc.*, 738 F.3d 926, 933 (8th Cir. 2013) (citing *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 640 (2009)). "In exercising its discretion, the district court should consider factors such as judicial economy, convenience, fairness, and comity." *Id.*

In this case, the Court has original jurisdiction over plaintiff Valdez's Complaint. *See* Filing 1 at 2 (¶ 5) (the United States removing the action from state court because "Congress has provided that the exclusive remedy for such an alleged 'wrongful' act of an employee of the United States Government, acting within the scope of his/her employment, shall be an action against the United States under the Federal Tort Claims Act"). Thus, the question is whether Count II of Dr. Kader's Crossclaim, "seek[ing] an injunction enjoining the United States to defend [Dr. Kader] in this action and substitute the United States as a party in place of Dr. Kader pursuant to his Federal Tort Claim coverage for this professional negligence action that arises out of services performed pursuant to his Contract with CAPWN," is "so related" to plaintiff Valdez's claims for negligent medical treatment that the claims "form part of the same case or controversy." 28 U.S.C. § 1367. The Court concludes that these claims are insufficiently related to justify the exercise of supplemental jurisdiction. Primary to the Court's consideration is whether plaintiff Valdez "would ordinarily be expected to try [both claims] in one judicial proceeding." *Benchmark*, 36 F.4th at 771. The nuclei of fact for Valdez's claim—negligent medical treatment—and Dr. Kader's claim—his employment contract—are not "common" and therefore not "part of the same case or controversy." *Id.* In addition, considering these divergent claims together would detract from "judicial economy [and] convenience," which further reinforces the Court's conclusion that

15

exercising supplemental jurisdiction over the Crossclaim would be inappropriate. *Brown*, 738 F.3d at 933.

### 3. Declaratory Judgment Does Not Expand Subject Matter Jurisdiction

Count I of Dr. Kader's Crossclaim asks the Court to declare that Dr. Kader is entitled to have the United States defend and indemnify him against Plaintiff's claims. Filing 104 at 7–8 (¶¶ 43–51). The United States argues that the Declaratory Judgment Act "neither waives sovereign immunity nor provides an independent basis for federal court jurisdiction." Filing 131 at 7. Dr. Kader contends that because "the Court already has jurisdiction [over his claims under the FTCA], . . . Dr. Kader may make his presentation of proof for immunity purposes pursuant to the ordinary rules of evidence and procedure, and a declaratory action is but one avenue to do that." Filing 135 at 7. However, Dr. Kader nowhere contends that Count I of the Crossclaim for declaratory judgment independently gives the Court subject matter jurisdiction over his claims against the United States. The Declaratory Judgment Act does not expand the Court's subject matter jurisdiction, but instead only provides a remedy. *See Schneider v. United States*, 27 F.3d 1327, 1330 (8th Cir. 1994) (affirming the district court's determination "that there was no jurisdiction under the Declaratory Judgment Act because it only creates a remedy and cannot serve as an independent basis for subject matter jurisdiction." (quoting 28 U.S.C. § 2201)); *First Fed. Sav. & Loan Ass'n of Harrison, Ark. v. Anderson*, 681 F.2d 528, 533 (8th Cir. 1982) ("It is well settled that the declaratory judgment statute is strictly remedial in nature and does not provide a separate basis for subject matter jurisdiction." (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950))). Because Dr. Kader's declaratory judgment claim also fails to provide the Court with subject matter jurisdiction over his Crossclaim, the Court must dismiss the Crossclaim pursuant to Rule 12(b)(1).

### III. CONCLUSION

Dr. Kader alleges that the Court has subject matter jurisdiction over his Crossclaim against the United States under 28 U.S.C. §§ 1346(a)(2), 1346(b), and 1367. Filing 104 at 3 (¶ 9). He further alleges that his "action arises under 42 U.S.C. § 233(g)." Filing 104 at 3 (¶ 11). However, as discussed above, there is no express or implied cause of action under 42 U.S.C. § 233(g) that permits Dr. Kader to bring this Crossclaim. Further, absent a private cause of action, neither 28 U.S.C. §§ 1346(a)(2), nor 1346(b), nor 1367 provides the Court with subject matter jurisdiction over Dr. Kader's claims against the United States. The Court does not evaluate the merits of Dr. Kader's claim. Likewise, the question of whether Dr. Kader might have a claim on some basis he has not so far asserted is not now before the Court. Accordingly,

IT IS ORDERED that the United States' Motion to Dismiss Dr. Kader's Crossclaim, Filing 130, is granted.

Dated this 5th day of April, 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge