IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ISRAEL VALDEZ,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>SCOTTSBLUFF OPERATIONS LLC, a Nebraska limited liability corporation; and UNITED STATES OF AMERICA,<br><br>　　　　　　　Defendants. | 8:22CV289<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

　　　　This case is before the Court on the January 21, 2025, Findings and Recommendation by United States Magistrate Judge Jacqueline M. DeLuca. Filing 240. The Findings and Recommendation followed Judge DeLuca's evidentiary hearing on December 6, 2024, on Plaintiff's Amended Motion for Order to Show Cause, Filing 215. Filing 240 at 1. In her Findings and Recommendation, Judge DeLuca made various Certified Findings of Fact, Filing 240 at 4–6, and considered the propriety of a finding of contempt or the imposition of sanctions under Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and the Court's inherent power, Filing 240 at 7–13. She then recommended "that Plaintiff's motion for contempt, which is set forth in Plaintiff's Amended Motion to Show Cause, Filing No. 215, be denied," and she notified the parties of the consequences of failing to file a timely objection to the Findings and Recommendation. Filing 240 at 13. No party has filed objections to the Findings and Recommendation within the time allowed by 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b)(2).

　　　　Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), a district court must review de novo the parts of a magistrate judge's findings and recommendation on a dispositive or non-dispositive matter to which timely objections have been made. *See* 28 U.S.C. §

1

636(b)(1); Fed. R. Civ. P. 72(b)(3); *accord* Gonzales-Perez v. Harper, 241 F.3d 633, 636 (8th Cir. 2001) ("When a party timely objects to a magistrate judge's report and recommendation, the district court is required to make a de novo review of the record related to the objections. . . ."). On the other hand, neither the applicable statute, rule, nor case law requires the Court to conduct a de novo review of a magistrate judge's findings and recommendation when no objections are filed. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); Thomas v. Arn, 474 U.S. 140, 149–50 (1985) (explaining that nothing in § 636(b)(1) requires a district judge to apply some lesser standard of review than de novo when no objections are filed). Nevertheless, the Court deems it prudent to review Findings and Recommendations to which no objections are filed at least for clear error. *See, e.g.,* Grinder v. Gammon, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). The reviewing district court judge is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). If desired, a reviewing district court judge may "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*; Fed. R. Civ. P. 72(b)(3).

The Court has reviewed the record and finds no error—clear or otherwise—in Judge DeLuca's Findings and Recommendation in light of her careful consideration of the facts and application of the law. *See* Grinder, 73 F.3d at 795. Accordingly,

IT IS ORDERED that

1. The Court accepts Judge DeLuca's Findings and Recommendation, Filing 240, in its entirety pursuant to 28 U.S.C. § 636(b)(1), and Federal Rule of Civil Procedure 72(b)(3); and

2. Plaintiff's request for sanctions in her Amended Motion for Order to Show Cause, Filing 215, is denied.

Dated this 3rd day of March, 2025.

BY THE COURT:

_____

Brian C. Buescher
United States District Judge